**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| EARL STEVENSON FULTON | : | NO. 07-38-04 |

## MEMORANDUM RE: MOTION TO WITHDRAW PLEA

**Baylson, J.**                                                                                                         **May 11, 2011**

In this case, charging the Defendant, Earl Stevenson Fulton, with participation in a drug trafficking conspiracy and other charges, the Defendant entered a guilty plea on February 2, 2011 to Counts 1, 22, 34, 40 and 59 of the Second Superceding Indictment pursuant to a 20 year "specific sentence" plea agreement under Fed R. Crim. P. 11(c)(1)(C). Before accepting the plea, the Court gave a thorough colloquy to Defendant, advising him of the consequences of pleading guilty, and specifically, once having pled guilty, that he would have no unilateral right to withdraw the guilty plea.

Subsequently, five other Defendants charged with conspiracy in the same indictment went to trial. Although they were acquitted of Count 1, charging conspiracy, four of these five Defendants were convicted of many other substantive drug trafficking charges.

Following the jury verdict, Defendant Fulton filed a Motion to Withdraw Guilty Plea on April 18, 2011 (ECF No. 716). Defendant relies on the jury verdict acquitting his co-defendants of conspiracy as grounds for withdrawing his guilty plea. Defendant asserts that the insufficiency of the evidence presented at the trial of his co-defendants with respect to establishing conspiracy

demonstrates his legal innocence and actual innocence of the conspiracy charge. Defendant further asserts that because he may receive a twenty-year sentence pursuant to his plea agreement, which was predicated on his belief that the Government had convincing evidence of a conspiracy, there will be a "two-tiered sentencing disparity" between himself and similarly situated co-defendants who pled guilty to conspiracy, and the co-defendants who went to trial and were acquitted of the conspiracy charge. On these grounds, Defendant requests that the Court permit him to withdraw his guilty plea.

**I.     Legal Standard**

Once the district court accepts a defendant's guilty plea, the defendant may not withdraw the plea at his whim. United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001). After the court accepts the plea, but before sentencing, the defendant may only withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the "substantial" burden of establishing a "fair and just" reason for the withdrawal of the guilty plea. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citing United States v. Hyde, 520 U.S. 670, 676-77 (1997); United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998)).

In evaluating a motion to withdraw a guilty plea, the district court must "consider whether: (1) the defendant 'asserts his innocence;' (2) the defendant proffered strong reasons justifying the withdrawal; and (3) the government would be prejudiced by the withdrawal." United States v. King, 604 F.3d 125, 139 (3d Cir. 2010), cert. denied, 131 S. Ct. 1467 (2011) (citing United States v. Martinez, 785 F.2d 111, 114 (3d Cir. 1986)). To raise a claim of legal innocence, a defendant must "assert[] his or her factual innocence," support the assertion of

innocence with "facts in the record that support a claimed defense," and "give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea." Brown, 250 F.3d at 818 (citations omitted). The court may consider the weight, credibility, and good faith of the defendant's assertion of innocence in evaluating the strength of the defendant's reason for withdrawal. Gov't of V.I. v. Berry, 631 F.2d 214, 220 (3d Cir. 1980) (citing United States v. Washington, 341 F.2d 277, 281 (3d Cir. 1965)).

In Berry, the defendant moved to withdraw his plea of guilty on a second-degree murder charge after his co-defendant was acquitted at trial, on the grounds that Berry had a misimpression that the co-defendant would testify against him at the trial, but the co-defendant did not take the stand. Id. at 221. The Third Circuit affirmed the district court's denial of the motion to withdraw the plea, explaining that a "tactical error" in calculating whether to enter a plea agreement was not a basis for withdrawal. Id. The court acknowledged that entering "'[a] guilty plea frequently involves the making of difficult judgments,'" and explained that permitting withdrawal after a co-defendant's acquittal would reduce the plea agreement to "'a temporary and meaningless formality reversible at the defendant's whim.'" Id. (quoting United States v. Barker, 514 F.2d 208, 221 (D.C. Cir. 1975) (en banc)). Moreover, the Third Circuit agreed with the district court that the fact a jury had acquitted Berry's co-defendant did not support Berry's assertion of actual innocence, because there could be other reasons for the acquittal. Id. at 220.

**II.     Discussion**

In this case, the Defendant has not presented any persuasive reasons as to why he should be allowed to withdraw his guilty plea, and the Court does not believe it would be fair or just for

the Defendant to do so in that he has fully admitted his guilt to wide-ranging and serious drug trafficking charges. The Court is prepared to sentence the Defendant in accordance with the plea agreement.

The verdict in the jury trial does not in any way establish that there was no conspiracy, only that the government did not prove a conspiracy against these five other Defendants beyond a reasonable doubt. Having presided over the jury trial in which the Defendants were acquitted of conspiracy, this Court will note that the evidence introduced by the government was clearly sufficient to establish the requisite elements of conspiracy, even though the jury acquitted the Defendants. There was substantial evidence that there had been an agreement among many members of the "cutoff" drug trafficking organization operating in Chester, Pennsylvania to distribute drugs and a great deal of evidence of numerous drug transactions engaged in by those members. The verdict of the jury could well have been a compromise because although all five Defendants were acquitted of conspiracy, four of the five Defendants were convicted of very serious substantive crimes carrying numerous mandatory minimum sentences. The fifth Defendant was only charged with conspiracy. See Dunn v. United States, 284 U.S. 390, 394 (1932) (acknowledging that a jury verdict of acquittal may be the result of jury compromise). Because many of his co-defendants also pled guilty to conspiracy, Defendant cannot contend that his conviction is precluded by the acquittal of all his alleged co-conspirators. Cf. United States v. Bruno, 333 F. Supp. 570, 577 (E.D. Pa. 1971) (granting motion to dismiss conspiracy count of an indictment after all of the defendant's alleged co-conspirators were acquitted of conspiracy).

Defendant has not proffered any specific facts from the record to support his claims of actual innocence, nor has he provided the Court with a legally cognizable theory in support of his

assertion of innocence. Defendant's change of heart, following the jury verdict as to his co-defendants, is insufficient to satisfy his burden. The record reflects that the Government and Defendant entered into the plea agreement after extensive negotiations. The Court accepted the plea agreement after a detailed and lengthy colloquy, at which the Court reviewed the agreement with Defendant. Defendant agreed that he understood he was pleading guilty to "counts aris[ing] from [his] participation in The Cut-off drug trafficking organization in the Highland Gardens." (Tr. of Change of Plea Hearing, 2/2/11, at 7.) Defendant also agreed that he understood the maximum sentence he could receive under the agreement included a mandatory minimum 20 year prison term. Id. at 8, 11. Defendant agreed that he could not withdraw his plea later just because he was unhappy with the plea or with the sentence the Court imposes. Id. at 11. When the Court asked Defendant, "Why do you want to plead guilty?" Defendant responded, "I'm guilty." Id. at 14. The Court found that "the colloquy is clear that he understands what the charges are, he understands what the Government's evidence is, and he can plead guilty without necessarily admitting to all the evidence. He's clearly admitted to being involved in these crimes, and that there is sufficient evidence against him as to those counts to which he pled guilty." Id. at 37. The Court accepted the plea after finding that Defendant was "alert, competent, and capable of entering in the formed plea, that it's a knowing and voluntary plea supported by an independent basis of fact containing each of the essential elements of the offenses pled to." Id. at 33-34.

The fact that this Defendant pled guilty to conspiracy, while several of his co-defendants were acquitted of conspiracy after a jury trial, does not warrant any withdrawal of his plea or any plea adjustments.

An appropriate Order follows.

O:\Criminal Cases\07-38-4 Fulton, US v\Fulton Memo Mot Withdraw Plea.wpd